**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GARRY GASTON,
           Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
           Agency.

DOCKET NUMBER
DC-3330-18-0052-I-1

DATE: July 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Garry Gaston</u>, Arlington, Virginia, pro se.

<u>Jessica A. Neff</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant delivered his petition for review to a commercial delivery service on January 10, 2018, and it was received by the Board on January 11, 2018. Petition for Review (PFR) File, Tab 1 at 1, 13; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by commercial delivery is the date the document was delivered to the commercial delivery service). Included with his petition for review, the appellant attached a one-page printout of a partially completed request for an extension of time to file a petition for review. *Id.* at 2. In the extension request, the appellant stated that he was registered as an e-filer, but that an email notification announcing that the initial decision was issued was the only notification he received and that he did not receive notifications for any of the other orders issued below. *Id.* at 2-3. The appellant also stated that on December 24, 2017, he requested to extend the time to file his petition for review until January 10, 2018, and that a decision on the extension request "is still pending at MSPB." *Id.* at 3.

¶3 In a January 12, 2018 acknowledgement letter, the Office of the Clerk of the Board notified the appellant that his petition for review was untimely filed and instructed him to file a motion requesting that the Board accept his petition as timely, or as untimely filed with good cause for the delay. PFR File, Tab 2 at 2. The letter noted that prior to the appellant's January 10, 2018 filing, the Board did not receive a request for an extension of time to file a petition for review from him, and further, that the Board's e-Appeal Online logs showed that, although the appellant started a pleading in e-Appeal Online on December 24, 2017, the pleading was never actually submitted. *Id.* Consequently, the letter instructed the appellant to provide additional explanation for his untimeliness and attached a copy of a motion to accept a filing as timely or to waive the time limits for him to

complete. *Id.* at 1-2, 7-8. In the agency's response to the petition for review, it requested that the Board deny the petition as untimely filed without good cause shown for the delay. PFR File, Tab 3 at 4-5. The appellant has not filed a reply to the agency's response and has not filed a motion to accept his untimely petition for review or to waive the time limits.

¶4  The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows he received the initial decision more than 5 days after it was issued, within 30 days of his receipt of the decision. 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶5  Because the December 25, 2017 finality date of the initial decision was a Federal holiday, the appellant's petition for review would have been due on the following day, December 26, 2017. 5 C.F.R. § 1201.23; *see* Initial Appeal File, Tab 8, Initial Decision at 5. Therefore, the appellant's January 10, 2018 petition for review was filed 15 days after the filing deadline. The Board has regularly held that a 15-day delay is not minimal. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not

minimal); *Scott v. Social Security Administration*, 110 M.S.P.R. 92, ¶¶ 8, 10 (2008) (finding no good cause for an unexplained 11-day delay); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's unexplained 14-day delay in filing a petition for review); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (noting that a 13-day delay in filing is not minimal). Additionally, despite being afforded the opportunity to do so, the appellant has not offered any explanation for his delay in filing.

¶6     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's request for corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                       /s/ for
                                                     Jennifer Everling
                                                     Acting Clerk of the Board

Washington, D.C.